# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## SEPTEMBER TERM, 1924.

---

### LUCKETT v. MADISON COUNTY.*

(Division A. Dec. 1, 1924. Suggestion of Error Overruled Dec. 15, 1924.)

[101 So. 851. No. 24505.]

1. CONSTITUTIONAL LAW. *Amendment to Constitution abolishing office took effect during term.*

   Const. 1890, section 135, as amended in 1924 (see Laws 1924, chapter 142), abolishing office of county treasurer, took effect when inserted in Constitution, though treasurer was elected and entered on duties prior thereto, notwithstanding section 136, entitling named officers to hold office during term for which selected, unless removed, since office, on abolition, ceased to exist.

2. OFFICERS. *People may by constitutional provision abolish any office at any time.*

   The people, by Constitutional provision, may abolish any office at any time, since office holder has no vested right, and does not hold office by contract.

---

*Headnotes 1. Constitutional Law, 12 C. J., section 79 (1926 Anno); 2. Officers, 29 Cyc, p. 1368.

APPEAL from circuit court of Madison county.
HON. W. H. POTTER, Judge.

Suit by H. B. Luckett, Sr., against Madison county. Judgment for defendant, and plaintiff appeals. Affirmed.

1

*Powell, Harper & Jiggetts, Sid Powell* and *B. H. Green,* for appellant.

The court erred in sustaining defendant's demurrer. (a)   The insertion of amendment to section 135 of the Constitution of 1890 of the state of Mississippi did not remove the officers provided for in section 135 nor did it abolish the office of county treasurer, in so far as the term of office of those serving as county treasurers was concerned.   Sections 135, 273 & 136, Const. 1890; secs. 6774 & 2796, Hemingway's Code; Sec. 175, Const. 1890; Amendment to sec. 135, Const. Laws 1924, p. 184; *Collins* v. *Jackson,* 119 Miss. 727 at 740 & 741; *Darnell* v. *State Revenue Agent,* 109 Miss. 570; *Holly Springs* v. *Marshall County,* 104 Miss. 752; Cooley, Constitutional Limitations (7 Ed.), pp. 91 & 97; *Bailey* v. *State,* 56 Miss. 637.   (b) If the amendment to section 135 of the Constitution of 1890, did not remove the county treasurer from office nor diminish his term of office, then the duly elected, qualified treasurers then serving are entitled to their salary for the term for which they were elected.   Laws 1924, p. 308; *Fant* v. *Gibbs,* 54 Miss. 396; Secs. 108, 136, Const. 1890; Amendment to sec. 135, Laws 1924, p. 189.

A.   We do not suppose that opposing counsel will contend that the amendment to section 135, Constitution 1890, became effective before the 16th day of January, 1924, the date of its insertion therein by the legislature; in view of section 273 of the said Constitution of 1890. Section 135, being part of article 5, Constitution of 1890, before it was amended, provided as follows: "There shall be a sheriff, coroner, treasurer, assessor, and surveyor for each county, to be selected as elsewhere provided herein, who shall hold their offices for four years. The sheriff and treasurer shall be ineligible to immediately succeed themselves or each other in office." Section 136, a part of article 5, of the Constitution of 1890, provides as follows: "All officers named in this article shall

hold their offices during the term for which they were selected, unless removed, and until their successors shall be duly qualified to enter on the discharge of their respective duties." Section 6774, Hemingway's Code (sec. 4140, Code 1906), provides that treasurers and other officers shall be elected at the election in 1907 and every four years thereafter.

The agreed statement of facts show that appellant was duly elected treasurer of Madison county at the general election in 1923 and that he duly qualified for said office, entered upon his duties on the first Monday in January, being the 7th day of said month, 1924. From section 2796, Hemingway's Code (Sec. 3458, Code 1906) we see that Luckett entered upon his duties in accordance with provisions of law. We further see that section 135 of the Constitution provided that his term of office was for four years from said January 7, 1924, and that section 136 of the then Constitution entitled him to hold said office for the said four years unless removed. The only lawful methods by which the appellant might have been removed from his office are provided for in our Constitution of 1890. Section 139 of said Constitution provides: "The legislature may empower the governor to remove and appoint officers, in any county or counties or municipal corporations, under such regulations as may be prescribed by law." The legislature seems never to have empowered the governor to remove county officers. Section 175 of our Constitution of 1890 provides: "All public officers, for willful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law." Section 2815, Hemingway's Code (Sec. 3477, Code 1906), provides that if any public officer, county, etc. shall be convicted . . . the court . . . . shall adjudge the defendant removed from office, the office shall thereby become vacant.

The amendment to Section 135 of our Constitution of 1890, reads as follows: ''There shall be a sheriff, coroner, assessor and surveyor for each county to be selected as elsewhere provided herein who shall hold office for four years. The sheriff shall be ineligible to immediately succeed himself in office. The duties heretofore imposed on the county treasurer shall be discharged by some person or persons selected as required by law,'' which amendment may be found in the Laws of 1924 at page 189.

Section 136 of the Constitution is still in full force and effect and is as much a part of the Constitution as is the amendment of section 135. It is a well established principle of law, which we deem needs the citation of no authority to sustain, that in construing two statutes the courts will attempt to harmonize them. As to constitutional provisions, see *Collins* v. *Jackson,* 119 Miss. 727 at 740 & 741.

Mr. Cooley in his work on Constitutional Limitations (7 Ed.) has chapter 4 entitled: ''Of the Construction of State Constitutions'' and under said chapter at 91 we find a paragraph headed: ''Whole Instrument to be Examined'' wherein it is said: ''It is therefore a very proper rule of construction, that the whole is to be examined with a view to arriving at the true intention of each part . . . This rule is applicable with special force to written Constitution in which the people will be presumed to have expressed themselves in careful and measured terms, corresponding to the immense importance of the powers delegated, leaving as little as possible to implication. It is scarcely conceivable that a case can arise where a court would be justified in declaring any portion of a written constitution nugatory because of ambiguity. One part may qualify another so as to restrict its operation or apply it otherwise than the natural construction would require if it stood by itself; but one part is not to be allowed to defeat another, if by any reasonable construction the two can be made to stand

together." The above quotation from Cooley is cited with approval in *Collins* v. *Jackson,* 119 Miss. 727 at 741. If the amendment to section 135 can be harmonized with section 136 then we say that it is the duty of the court to so interpret amendment to section 135 and it is also the duty of this court to say that there is no implied repeal or nullification of section 136 if any reasonable interpretation can be placed on the two so that they both may stand.

Mr. Cooley has the following to say: "We shall venture also to express the opinion that a Constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect. Retrospective legislation, except when designed to cure formal defects, or otherwise operate remedially, is commonly objectionable in principle, and apt to result in injustice and it is a sound rule of construction which refuses lightly to imply an intent to enact it. And we are aware of no reason applicable to ordinary legislation which does not, upon this point, apply equally to Constitutions." Our theory, and we believe the true construction of the amendment to section 135 along with section 136, is that when the present term of office of the county treasurer, who was serving at the time of the insertion of the said amendment expires, that there will be no provision authorizing the selection of a county treasurer and hence at that time the office of county treasurer will be abolished. In presenting the above argument we have not overlooked the case of *Bailey* v. *State,* 56 Miss. 637, the opinion in which was rendered by that distinguished jurist, Judge CAMPBELL, and which at first glance would seem to hold directly contrary to our contention.

B.   If the amendment to section 135 of the Constitution of 1890, did not remove the county treasurer from office nor diminish his term of office, then the duly elected, qualified treasurer serving at the time of insertion of said amendment is entitled to his salary for the term for which

he was elected.  By an act of the legislature passed on
February 5, 1924, and found on page 308 of the Laws of
1924, the duties heretofore imposed on the county treas-
urer were taken away and transferred to the sheriffs and
chancery clerks.  The contention will probably be made
that under this act taking away the duties from the office
of county treasurer, the salary of such officer shall cease.
Section 108 of the Constitution is in the following lan-
guage:  ''Whenever the legislature shall take away the
duties pertaining to any office, then the salary .of the
officer shall cease.''  We say that if this Act of 1924 is
attempted to be applied in ths case that it is invalid, be-
cause it is an attempt by the legislature to abolish a Con-
stitutional office—the office of county treasurer.  We have
several authorities holding that the legislature cannot do
indirectly that which it cannot do directly.  These au-
thorities also hold that the taking away of the duties of
a Constitutional office by the legislature is an attempt by
it to abolish the office and therefore invalid.  See *Fant*
v. *Gibbs,* 54 Miss. 396.

*R. E. Spivey, Jr.,* for appellee.

The question as to the legality of the procedure under
which section 135 of the Constitution of 1890, was amend-
ed has not been raised.  The only question presented
here is whether or not the treasurers, who were elected
at the November, 1923, general election, and duly quali-
fied and entered upon the discharge of their duties, be-
fore the legislature had inserted the said amendment in
the Constitution, are entitled to their offices, or the offices
to which they have been elected, and to draw compensa-
tion attached thereto.  If the amendment to the Consti-
tution did not remove or vacate the office of county
treasurer, or abolish the same, in so far as the treasurers
elected at the November, 1923, general election were con-

cerned, then unquestionably, such treasurers are entitled to their salary, for the full four-year term.

That an office holder has no vested right in an office, and that an office is not held by contract are legal principles too well established to necessitate discussion; there is no obligation on the people to keep up a useless office, or pay an officer who is not needed, and whoever accepts a public office does it with this principle of constitutional, law in view. There is no question as to the duty of the courts to harmonize the whole of a constitution, if possible, and to give effect to every part thereof. It is the duty of the court to give effect to an amendment of a constitution so as to harmonize the amendment with pre-existing provisions; but, should there be a conflict between an amendment and a pre-existing provision "the amendment must prevail because it is the latest expression of the will of the people. In such case there is no room for the application of the rule as to harmonizing inconsistent provisions." 6 R. C. L., Constitutional Law, sec. 41, p. 48. The latest expression of the will of the people of the state of Mississippi is that there shall be no county treasurer. The power to create an office includes the power to destroy it. A municipal office, created by a municipality, can be abolished by the municipality. 19 R. C. L., Municipal Corporations, sec. 236, p. 936; *City of Jacksonville* v. *Smoot,* 92 So. 617 (Fla.). The legislature may abolish offices created by it. *Kendall* v. *City of Canton,* 53 Miss. 526.

Constitutional offices may be abolished by new constitutions, or by constitutional amendments. In *Conner et al.* v. *Gray et al.,* 41 So. 186, a case in which the legislature of the state of Mississippi, in creating a new county, deprived the officers, duly elected to certain constitutional offices, of their offices before the expiration of the term for which they had been elected, and the court held that the office holders, duly elected, could not be

heard to complain because the power of the legislature to create new counties could not be abridged by the right of any officer holder to his office for the term for which he had been elected. See *Bailey* v. *State,* 56 Miss. 637.

In the present case, the constitutional provision is that the officers shall hold office during the term for which they were selected, and in the *Bailey case, supra,* the constitutional provision is that the chancellors shall hold office for the term of four years. In the provision as to the treasurer, it is provided that he shall be elected for a term of four years, and shall hold office for that term (the term for which he was elected), and in the provision as to the chancellor, it provides simply that he shall hold office for a term of four years. Wherein lies the difference? Clauses in a constitution respecting the holding of offices by incumbents during their terms do not, as a rule, prevent the abolition of an office and the ousting of its incumbent. Thus, the legislature is not prevented from abolishing an office and ousting the incumbent by a constitutional provision that those in office when it takes effect shall hold until the expiration of their respective terms. *Koch* v. *New York,* 152 N. Y. 72, 46 N. E. 170, or that they shall hold their offices for the term for which they were elected. *State ex rel. Faussett* v. *Harris,* 1 N. D. 190, 45 N. W. 1101, or for the full time for which they have been elected. *Ex parte Bergman,* 3 Wyo. 396, 26 Pac. 914.

If we are to follow appellant's interpretation of the amendment, we must forget the old law, the mischief, and the remedy sought, and must defeat the evident purpose of the amendment itself, and of the will of the people who voted the amendment, and subordinate the interest of the state to that of the treasurers.

Argued orally by *A. Y. Harper,* for appellant.

HOLDEN, J., delivered the opinion of the court.

This is a suit by H. B. Luckett to recover seventy-five dollars from Madison county for his services as county treasurer for the months of March, April, and May, 1924. The lower court gave judgment rejecting the claim, on the ground that the office of county treasurer was abolished by a amendment to section 135 of the Constitution of 1890, adopted by the people and inserted in the Constitution by the legislature on January 16, 1924 (see Laws 1924, chapter 142). Chapter 210, Laws of 1924, is also brought into view. Mr. Luckett was elected treasurer of Madison county in 1923, and assumed the duties of the office on the first Monday of January, 1924, and continued to serve therein for the several months thereafter for which he brings this suit.

It is contended by the appellant that, since he was elected and entered upon the duties of the office before the amendment to section 135 of the Constitution abolishing the office of county treasurer was inserted in the Constitution, he is protected by section 136 of the Constitution, which provides in substance that all of the officers named in the article "shall hold their offices during the term for which they were selected, unless removed," and that at the time he was elected and begun to serve as treasurer the amendment to section 135 had not abolished the office of treasurer because the amendment had not been inserted, and that he has not been removed as provided in the said section 136. To put it in another way, Luckett claims that the amendment, when inserted, was prospective in its application as to those who were then holding the office of county treasurer, and that the abolishment of the office could not take effect as to those duly elected and serving until the end of their terms, as provided in section 136 of the Constitution.

The contention of appellant is untenable, because the office of county treasurer was abolished by the amendment

to section 135 of the Constitution of 1890, and section 136, which provides that the officers shall hold their offices during the term for which they were selected, has reference, of course, alone to those offices enumerated which are in existence, and not having been abolished, which could not include the office of county treasurer after it was abolished by the amendment to section 135.

Certainly the people of the state by constitutional provision may abolish any office at any time. The Constitution is supreme, and voices the command of the sovereign people. The office holder has no vested right therein, nor does he hold the office by contract. Section 136 of the Constitution intends only to provide that the officers shall hold during the term for which they were selected, but, of course, if the office is gone by abolishment, then the term for which the officer was selected is gone likewise.

The case of *Bailey* v. *State,* 56 Miss. 637, is squarely in point and is decisive of the case at bar. Counsel for appellant attempts to differentiate the Bailey case from the one before us on the ground that the court, in the Bailey case, was confronted there with the seventeenth section of article 6 of the Constitution of 1869, which provided in part as to officers, that "they shall hold their office for the term of four years," whereas section 136 of our present Constitution provides that the officers "shall hold their offices during the term for which they were selected." When the Bailey case was decided the term of the officers there involved (chancellors) was fixed at four years, and the term of office involved in this suit was also fixed at four years. We are unable to discover any substantial difference in the two propositions, and therefore think the Bailey case plainly controls here.

The judgment of the lower sourt is affirmed.

*Affirmed.*