21 P.(2d) 819

### STATE ex rel. MIRABAL v. GREER.

### No. 3756.

Supreme Court of New Mexico.

April 21, 1933.

Francis C. Wilson, of Santa Fé (E. R. Wright, J. O. Seth, and Carl H. Gilbert, all of Santa Fé, of counsel), for appellant.

Harry S. Bowman, of Santa Fé, for appellee.

WATSON, Chief Justice.

By the judgment here for review, the appellant was held to have usurped and intruded into, and to be unlawfully holding and exercising, the office of deputy clerk of the district court of the county of Santa Fé. She was to be ousted therefrom, and relator, the county clerk of said county, was to be given possession thereof. The judgment was superseded.

The question involved on the merits is whether the district judge, against the consent of the county clerk, may appoint to that so-called office.

The state of our records is highly suggestive that the case has lost practical importance. The appeal was docketed December 18, 1931. Appellant's brief was filed January 29, 1932. No brief has ever been filed for appellee. Pursuant to stipulations of counsel, appellee's time for filing brief was extended to April 11, 1932. By stipulation of December 12, 1932, the supersedeas bond was released and the surety discharged from liability thereunder. By stipulation of January 24, 1933, the bond securing costs in the district court was released, and the surety discharged from liability.

We take judicial notice that appellee's term of office as county clerk long since expired. He has now no claim ex officio to possession of the office in dispute. If his judgment were to be affirmed, he would have no claim against appellant for emoluments; since, if the judgment had not been superseded and he had recovered the office and performed its duties, he would have been entitled to no compensation additional to his salary as county clerk. Nye v. Board of County Commissioners, 36 N. M. 169, 9 P.(2d) 1023.

On the other hand, appellant, having superseded the judgment, presumably continued in office, enjoyed the emoluments, and would derive no benefit from a reversal of the judgment of ouster. In fact, the judgment appealed from contains no provisions as to the emoluments.

It strikes us, therefore, that the cause is moot. If so, it would be contrary to our policy to decide it. Board of County Commissioners v. Coors, 30 N. M. 482, 239 P. 524. If appellant deems the cause not moot, she may present the matter by motion for rehearing.

The appeal will be dismissed, and the cause remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.