State *ex rel.* Phillips *et al. v.* Greer.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

J. W. STONE, of Harriman, and MAE R. STRICKLIN, of Wartburg, for plaintiffs in error.

DAVIS & DAVIS and GEO. W. DAGLEY, all of Wartburg, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petition was filed upon relation of ten or more citizens of Morgan county to oust defendant from the office of justice of the peace. It was charged that he violated section 1874 of the Code by contracting with the county highway commission, and that he sold merchandise to the county board of education and other departments of the county contrary to the statute, and thereby forfeited the right of compensation for the supplies furnished and work done, forfeited his office, and was rendered ineligible to hold office for ten years.

The procedure for the enforcement of section 1874 is not prescribed by statute. It has been held enforceable by indictment under the common law, *State* v. *Ward*, 163 Tenn., 265, 43 S. W. (2d), 217, by refusal to allow the offending official to recover for services rendered or merchandise sold in violation of the act, *Madison County* v. *Alexander*, 116 Tenn., 685, 94 S. W., 604, and that repayment to the county of funds received in violation of the statute could be enforced, *Savage* v. *Mynatt*, 156 Tenn., 119, 299 S. W., 1043.

*(1)* The ouster law, section 1877 of the Code, is an ad-

ditional and cumulative remedy against public officials for official misconduct. The petitioner resorted to the latter remedy. Upon hearing before the circuit judge, a verdict was directed for the defendant. The petitioner appealed and prepared and filed a bill of exceptions. It has been brought to the attention of this court by motion to dismiss the appeal that defendant's term of office expired September 1, 1936. That fact is not controverted by appellants.

The bill of exceptions was filed; May 17, 1935, but the record was not filed in this court until February 5, 1936. The delay is not explained.

It has been uniformly ruled that after expiration of the term of office a proceeding to oust the official is moot. Appeals pending when the term of office expired have been uniformly dismissed not only by the courts of other states but by the courts of this state. *State* v. *Bush*, 141 Tenn., 229, 208 S. W., 607. But the appellants resist the motion to dismiss and insist that their appeal should be considered, the judgment of the trial court reversed so that ultimately, if upon another trial the verdict is against defendant, a judgment may be entered declaring him ineligible to hold office for ten years, in conformity with the provision of section 1876 of the Code.

Inasmuch as complainants elected to proceed under the ouster law, their remedy is governed by its provisions. No judgment could be rendered beyond that authorized by the Ouster Act. It is shown in the bill that this is an ouster proceeding under chapter 11, Acts 1915, Code, sections 1877-1902, inclusive. The judgment of the court is expressly limited by the statute to removal from office. The judgment can carry no fine or penalty and impose no

obligation. *State* v. *Crump*, 134 Tenn., 121, 183 S. W., 505, L. R. A. 1916D, 951. The rule applied in *State* v. *Bush*, *supra*, is controlling.

Appeal dismissed.