STATE *ex rel.* AGEE *et al. v.* HASSLER.

*(Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

LEWIS S. POPE, of Nashville, and REAGAN, NEAL & CRAVEN, of Jamestown, for appellants.

Robert H. Roberts, of Byrdstown, and Turner & Case, of Jamestown, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a bill filed December 2, 1952, under the Ouster Law, Code Secs. 1877-1902, which, on relation of a number of citizens and free-holders of Pickett County, sought to remove Harold H. Hassler from his office as "County Superintendent of Education for Pickett County, Tennessee." After alleging certain acts of misfeasance and malfeasance as having occurred prior to the filing of the bill, the bill prayed:

"That at the hearing judgment of ouster be had that the defendant forfeit his office and he ousted and removed from same as provided by law."

On March 12, 1953, an amended and supplemental bill was filed, which made no charge of any misfeasance or malfeasance as having occurred after January 12, 1953, but "amplified and supplemented" the charges alleged in the original bill and specifically adopted the prayer of the original bill (Tr. p. 31) without modification.

After Defendant filed answers, there was a full hearing before a jury which resulted in a verdict for the De-

fendant. The Trial Court approved the verdict, overruled motion for a new trial, and the Relators have perfected this appeal.

Before the appeal was heard by us, the Appellees filed a written motion to dismiss the appeal on the ground that all questions presented are now moot. The Appellants have filed brief and reply to this motion.

After due consideration, we hold that the motion to dismiss is valid and must be sustained.

The only relief sought by the bill, or the amended bill was removal of the Defendant from office, that is to say, from a term of office which he was serving on December 2, 1952. The only valid decree which could be pronounced if the case was decided for the Appellants, would be that the Appellee forfeit the term of his office which he was serving when the bill was filed.

"A removal from office extends to the limit of the current term, but such removal, unless a statute give it greater effect, cannot go beyond the current term because the office itself is limited by the term." *State ex rel. Thompson* v. *Crump*, 134 Tenn. 121, 131, 183 S. W. 505, 507, L. R. A. 1916D, 951— Compare:—*State ex rel. Timothy* v. *Howse*, 132 Tenn. 452, 178 S. W. 1110.

The purpose of the Ouster Law is the summary removal of unfaithful public officers from the terms which they are serving when the bill is filed and a decree of ouster carries with it no disqualification to hold office for subsequent terms. *State ex rel. Thompson* v. *Crump*, supra, opinion, 134 Tenn. at page 143, 183 S. W. 505.

Since the Appellee was elected to a new term as County Superintendent of Education on January 12, 1953, and is now serving that term, and since the only

valid decree which could be rendered under the pleadings in this case, would be a decree to remove Defendant from a term of office which expired on January 12, 1953, such a decree would be a vain and useless thing, and therefore, the questions presented here are moot.

Under the authority of *State ex rel. Phillips* v. *Greer,* 170 Tenn. 529, 98 S. W. (2d) 79, and *State ex rel. Wilson* v. *Bush,* 141 Tenn. 229, 208 S. W. 607, the motion to dismiss the appeal is sustained, and the appeal is dismissed at the cost of the Appellant.