STATE OF TENNESSEE ex rel. RUBEN CHITWOOD

*v.*

RUSSELL MURLEY.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

638

Joʜɴ Lᴇᴇ Wᴇsᴛ and Mᴀxᴡᴇʟʟ Sᴇxᴛᴏɴ, Oneida, J. H. McCᴀʀᴛᴛ, Wartburg, for appellants.

Baker & Baker, Huntsville, Carson & Wilson, Oneida, for appellees.

Mr. Justice Burnett delivered the opinion of Court.

The bill in this case was filed under Section 8-2701 and 23-2801(2), T.C.A., to test the right of the appellee, Murley, to hold office as a member of the Board of Education of Scott County.

Murley and three others were elected as members of the School Board on August 2, 1956. This suit was brought on September 19, 1956 as a "bill in *quo warranto*". There are three other companion bills which it is agreed will be treated exactly as this one. This case is appealed merely as a test case for the four Board members. On June 29, 1956 the Attorney General had filed ouster bills against the same parties alleging the same matters as those alleged in the *quo warranto* bill. The ouster bill was filed during the defendant's previous term of office and immediately preceding his election to the

present term of August 2, 1956. This ouster bill was still pending at the expiration of the term to which he was elected at the election prior to August 2, 1956.

A demurrer was interposed raising several questions. The primary question being that the acts charged against this defendant, as a disqualification and for reason of putting him out of office, were all acts which happened in a preceding term. This fact is stipulated to by the parties and there is no contest thereon.

■■ The bill alleges various and sundry things which if proven in his preceding term of office would have been ground for ouster. It was substantially conceded in the oral argument that since these acts happened at a preceding term that they would not now, in the present term of office, be ground for ouster. This Court in many decisions has concluded that under the Ouster Act that things that he did in a previous term would not be grounds for ouster in a subsequent term and that allegations of fact of things that were done in a previous term alone would leave the question when a succeeding term came up moot and the court should dismiss the suit. *State ex rel. Wilson v. Bush,* 141 Tenn. 229, 208 S.W. 607. This case cites prior holdings to this effect and, so far as we can find, the holdings have been consistent since that time. See *State ex rel. Phillips v. Greer,* 170 Tenn. 529, 98 S.W.2d 79, and *State ex rel. Lavender v. Bingham,* 170 Tenn. 552, 98 S.W.2d 86, and cases there cited.

We gather from the briefs and from the argument of counsel that they practically concede that their ouster suit, brought prior to the August election of 1956, is now moot. It is their contention in one feature of this instant case that when the action is brought as a *quo*

*warranto* bill under the sections of the Code hereinabove set out (8-2701 and 23-2801(2), T.C.A.) that the action may be maintained and that for acts which would have been ground for ouster in the prior term may likewise be ground for ouster in the present term. Counsel in making this argument feel that they have support in the case of *State ex rel. Phillips v. Greer, supra,* and the Bingham case, *supra.* The Court there said, in reference to the same argument that was here made, that that question was not before them because the suits were brought strictly under the Ouster Act and not under the provisions of applying to the public contracts acts as now embodied in our Code as Section 12-401 et seq., T.C.A. The way the statement is made in these opinions it certainly left room to question whether or not, when the suits were brought as a *quo warranto* as here, that the courts would consider them and not apply the rule as applied in an ouster suit when acts have been committed in a previous term.

It is interesting to note that in the case of *State ex rel. Maloney v. Condon,* which appears in our Reports as 108 Tenn. 82, 65 S.W. 871, was appealed to the Supreme Court of the United States and that Court in the same case as reported in 189 U.S. 64, 23 S.Ct. 579, 581, 47 L.Ed. 709 said:

"There are cases in *quo warranto* in which judgment of ouster has been entered, although the term of the person lawfully entitled had expired, and also where informations have been retained, when the statute provided for fine or damages; but here the proceeding cannot now be maintained as on behalf of the public; and, considered, as counsel insists it should be, as

merely a contest between two sets of officials, and not between the state and its officials, the state courts would be at liberty to treat it as abated, and the mere matter of costs cannot be availed of to sustain jurisdiction."

Of course under the Ouster Act (Sec. 8-2702, T.C.A.) the District Attorney General of his own initiative may bring an ouster action. This would be a *quo warranto* bill as was filed here. The District Attorney General also may bring the *quo warranto* bill under Section 23-2801, T.C.A. We can see no reason why any distinction should be made as to the acts committed when the suit is brought in the term charging those acts to oust where the law is that when that term expires the question becomes moot because the term is over. Because the action is brought in a different way, in *quo warranto,* where the penalty is not made any greater by reason of the fact that it is brought by the Attorney General than it is if it is brought in any other way, why should the acts of that term, which have become moot when the term is over with, be ground for removal under a different form of action or under a bill called by another name? The way the question is stated, of course to our minds, the answer is obvious that they must be uniform and be the same because the statutes do not require or make applicable a different penalty under either of those procedures. We think that when the action is brought purely under the *quo warranto* Statute (23-2801, T.C.A.) that the applicable rule as to the acts to be considered should be exactly the same as the rule applicable or when the action is brought straight under the Ouster Act (8-2701, T.C.A.)

■ The officer is elected for a term and sworn to do the duties of the office for that term. And under the organic law this election is for that term and no other term.

■ In *State ex rel. Thompson v. Crump,* 134 Tenn. 121, 183 S.W. 505, 508, L.R.A.1916D, 951, this Court quoted with approval and adopted certain language from an advisory opinion of the Supreme Court of Florida. In the Crump case this Court said that the language seemed to be exactly in point there. We consider this language likewise in point here. The language to which we refer is:

" 'A suspension or removal not having of itself the effect to taint the person or officer, either while suspended or after removal, with any disqualification to hold any office, we are unable to see how it can affect his right to exercise the functions of a future term of the same office. He is as qualified for or as eligible to election to a future term pending the suspension, or after the removal, as he was before the suspension * * *

" 'Perhaps it may be said that it is contrary to good public policy that a person who has been suspended during one term of an office should be permitted to enter upon the duties of a subsequent term of the same office, pending such suspension. To this the answer is that a public policy which would impose upon the citizen disabilities as to official station must at least be consistent with the organic law which defines the requisites for such station, and not antagonistic thereto. If the Constitution attached to the removal, whenever it might be consummated by the concurrence

of the Senate, a disability to hold the succeeding or future term or terms of the same office, it might naturally and logically follow that, pending the suspension, the functions of the succeeding term could not be performed; but, where it fails entirely, as it does, to give even the removal, whenever consummated, any such effect, no room is left as a standing place for any such theory of public policy.' "

■ The Code Sections referred to in the outset of this opinion under which this instant suit is primarily based do not provide for any disqualification to hold office after the term for which he is removed. In other words they do not affect any future term or apply to it in any way. There are other Code Sections, 12-401, 402, T.C.A., (hereinafter to be referred to fully) which do provide for a forfeiture. These Code Sections though are not applicable under the allegations and theory of this lawsuit as applied to the Ouster or the *Quo Warranto* Sections above. This being our conclusion we must affirm the Chancellor on this theory of the case. In other words it is our holding that acts committed in a previous term which subject the office holder to ouster cannot be used either through the Ouster Statute or through the *Quo Warranto* Statute as acts to oust him or get him out of office in a succeeding term.

■ We have very recently dealt with the *quo warranto* action as to officers having an interest in contracts with the public in the case of *State ex rel. Wallen v. Miller,* 202 Tenn. 498, 304 S.W.2d 654, and particularly Sections 12-401, through 12-404, T.C.A. Section 12-402, T.C.A. provides in effect that if any officer connected with the cities or the counties either directly or indirectly becomes in-

terested in any contract that he shall forfeit any pay that he gets from it and then may be dismissed from office, the office that he occupies, and ineligible for another for ten years. The present action unlike the action just referred to of *State ex rel. Wallen v. Miller,* was correctly instituted as a *quo warranto* action. We agree with the Chancellor when he said that for violation of this Section of the Code (12-401 et seq.) then the officer in a succeeding term may be dealt with for the acts in violation of this Section that he committed in a previous term because here the Statute provides that for these acts he may be ousted from office and not be eligible for election for another ten years. On this feature of the instant lawsuit the able Chancellor said:

"Unless there is a violation of a Statute which contained a provision declaring the violator to be ineligible beyond the term of office in which the violation occurred, such as the personal interest Statute, the official cannot be removed in a subsequent term for matters occurring in a prior term. As pointed out by defendants' counsel, we are here dealing with the question of allegations of misconduct during the prior term and not with a situation which would extend beyond ordinary misconduct and fall within the categories contemplated by the statutory eligibility provisions. The fact that the defendants immediately succeeded themselves is of no significance. Were they defaulters to the treasury or had they violated the personal interest Statute, a suit would lie to prevent them from assuming office in any subsequent term as to the former and any term within ten years as to the latter."

"The only allegation that would carry over into another term and justify, if shown to be true, a declaration of ineligibility for ten years, is the allegation pertaining to the contract for the purchase of the bus."

"Apparently the intention of the contract was to lend the personal credit of the defendants to the County so as to permit the County to purchase a school bus, the funds for which were not then available. Nothing contained in the contract shows an interest, directly or indirectly, as contemplated by the statutes."

We likewise agree with the conclusions and statements of the Chancellor that the allegations that these defendants violated the budget law, and overdrew the school budget which resulted in suits being brought against the County wherein these defendants were held not personally liable but the County was held to be liable and allowing judgments to be taken against the County, were purely things that could be shown in that term in an ouster suit. But these acts and the allegations in reference to the teachers five percent retirement collections did not constitute this school board member a defaulter to the treasury within the meaning of the statute and constitution. These officers were not collectors or anything else of public monies and under the authority which the Chancellor cited of *Zirkle v. Stegall,* 163 Tenn. 323, 43 S.W.2d 192, clearly they are not defaulters. The argument is made by the appellants if the unfaithful public official commits certain acts in the last days of his term there would be no remedy if these acts could not be considered in a succeeding term. A number of these arguments were answered by this Court, speaking through the late Chief Justice Grafton Green,

in *State ex rel. Wilson v. Bush, supra,* 141 Tenn. 229, 208 S.W. 607. It has likewise been held by this Court that he could be punished by indictment under the common law. *State ex rel. v. Ward,* 163 Tenn. 265, 43 S.W.2d 217, and by a number of other ways. A great number of these cases are collected and annotated in *State ex rel. Wallen v. Miller, supra.*

There is nothing herein in the allegations under the bill, the exhibits, that show that the officer had any public interest so as to be subjected to the penalties of Section 12-402, T.C.A.

We have considered this a very interesting question and have done some independent research in addition to the excellent briefs that were filed herein but after doing so have come to the conclusion that the Chancellor was eminently correct in his memorandum opinion. It results that the judgment below must be affirmed with costs.