W. M. (Ben) Southall, Appellant,

*v.*

Ben Billings and E. H. Wooten, Merrill Tatlock, and Alfred Peeler, Election Commissioners, Appellees.

385 S.W.2d 97.

(*Jackson,* April Term, 1964.)

Opinion filed December 11, 1964.

Dann & Hills, Memphis, for appellant.

TIPTON & TIPTON, WILLIAM D. GRUGETT, Covington, for appellees.

MR. JUSTICE WHITE delivered the opinion of the Court.

The appellees have filed a motion to dismiss this appeal as being moot because:

1. Where, upon an appeal in a proceeding involving the right of office, it appears that the term of office in question has expired, the appeal will be dismissed as being moot.

2. Appellate courts will not pass upon abstract or moot questions disconnected with the granting of actual relief, or from the determination of which, no practical relief can follow.

This suit was brought by Southall in August, 1962 for the purpose of having the election held on August 2, 1962 for Sheriff of Tipton County, Tennessee declared null and void because of alleged fraud in the holding and the conducting of said election. A demurrer to the original petition was sustained by the trial judge. We reversed and remanded the cause for a hearing on its merits. The opinion of the Court may be found in 213 Tenn. 280, 375 S.W.2d 844 (1963).

When the case came on for trial on the remand, in August 1964, the defendants, contestees, moved the court to dismiss the suit upon the ground that the term of office involved would expire on September 1, 1964 and, therefore, the cause would become moot before any judgment which might be entered could become final. This motion was sustained and the suit dismissed, the costs being divided equally between the parties.

Of course, any such judgment would not become final until thirty days had expired after the entry thereof, or until affirmed on appeal. *Southall v. Billings,* supra. Thirty days from any date in August would, of course, extend beyond the term of office involved herein.

The case of *State ex rel. Wilson v. Bush,* 141 Tenn. 229, 208 S.W. 607 (1918), was commenced for the purpose of removing Bush from the Office of Sheriff of Hamilton County for various acts of misconduct. After hearing proof, the chancellor dismissed the bill. On appeal the record was filed in this Court on August 22, 1918. On September 1 the term of Bush expired. A preliminary motion was made to dismiss the appeal on the ground that since the defendant's term of office had expired there no longer existed any real controversy before the Court— only a moot case. The Court said:

"We think the motion to dismiss the appeal is well taken and should be granted, and that the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, * * *." 141 Tenn. at 231, 208 S.W. at 608.

To the same effect are the cases of *State ex rel. Phillips v. Greer,* 170 Tenn. 529, 98 S.W.2d 79 (1936) ; *State ex rel. Lavender v. Bingham,* 170 Tenn. 552, 98 S.W.2d 86

(1936) ; and *State ex rel. Agee v. Hassler,* 196 Tenn. 158, 264 S.W.2d 799 (1954).

In two most recent cases we have said that it is well established that review proceedings are for the purpose of correcting errors injuriously affecting the rights of some parties to the litigation. Reviews are not granted for the purpose of settling abstract questions. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it has become moot or academic. *Tune v. State,* 210 Tenn. 478, 360 S.W.2d 24 (1962).

Also, in the case of *American National Bank and Trust Co. of Chattanooga v. Hon,* 210 Tenn. 468, 360 S.W.2d 20 (1962), we held that cases which, during an appeal, have become moot will be dismissed upon this fact being brought to the attention of the Court. In that case, as well as in the case of *Tune v. State,* supra, we reviewed the authorities and quoted with approval from the prior case of *Knott v. Stewart County, et al.,* 185 Tenn. 623, 207 S.W.2d 337 (1948).

The question presented in the instant case and by the motion to dismiss is whether the appellant is entitled to maintain this case after the term of office for which Billings was elected has expired.

While we approve the sincerity, zeal and resourcefulness of counsel for Southall, it is our firm opinion that this case has become moot by the passage of time and that the motion to dismiss the appeal should be and it is hereby sustained at the costs of the appellant.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.