437 P.2d 129

In re Removal of John Q. THAXTON, Member of the State Highway Commission.

No. 8392.

Supreme Court of New Mexico.

Feb. 5, 1968.

Adams & Pongetti, Albuquerque, for petitioner, David F. Cargo, Governor of State of New Mexico.

Montgomery, Federici & Andrews, Santa Fe, for respondent, John Q. Thaxton.

## OPINION

MOISE, Justice.

We have for consideration a motion to dismiss a presentment against movant seeking his removal from the position of state highway commissioner to which he was appointed in 1963.

Article V, Sec. 14, N.M.Const., as it existed in 1963, provided for appointment of highway commissioners by the governor with the advice and consent of the senate for terms of six years. The same article and section also provided the grounds for their removal and gave this court exclusive original jurisdiction in proceedings seeking removal under rules to be promulgated by the court. Rule 26 of this court (§ 21–2–1(26), N.M.S.A.1953) was adopted to implement this provision. This proceeding filed, as provided in Rule 26, seeking movant's removal as a commissioner because of alleged incompetence, neglect of duty, or malfeasance in office, was commenced by the governor on March 3, 1967 by presentment in this court.

In the 1967 session of the New Mexico legislature, Senate Joint Resolution No. 3 was adopted calling for repeal of Art. V, Sec. 14, N.M.Const., and proposing a new section to replace it. The joint resolution by its terms was to be submitted to the people at the next general election or at any earlier special election called for that purpose. The joint resolution, including its title, read as follows:

"A JOINT RESOLUTION

"PROPOSING TO REPEAL ARTICLE 5, SECTION 14 OF THE CONSTITUTION OF NEW MEXICO; AND TO ENACT A NEW ARTICLE 5, SECTION 14 OF THE CONSTITUTION OF NEW MEXICO, CREATING A STATE HIGHWAY COMMISSION AND PROVIDING FOR THE APPOINTMENT AND REMOVAL OF MEMBERS BY LAW.

"BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

"Section 1. It is proposed to repeal Article 5, Section 14 of the constitution of New Mexico, and to enact a new Article 5, Section 14 of the constitution of New Mexico to read as follows:

" 'There is created a "state highway commission." The members of the state highway commission shall be appointed, shall have such power and shall perform such duties as may be provided by law. Notwithstanding the provisions of Article 5, Section 5, of the constitution of New Mexico, state highway commissioners shall only be removed as provided by law.'

"Section 2. The amendment proposed by this resolution shall be submitted to the people for their approval or rejection at the next general election or at any special election prior to that date which may be called for that purpose."

A special election was called to be held November 7, 1967 for the purpose of voting on proposed constitutional amendments, Ch. 204, N.M.S.L.1967, and on that date an election was held at which a majority of the electors who voted favored the amendment No. 4, supra, which result was duly certified by the state canvassing board on November 20, 1967.

The motion filed by movant asserts that by virtue of the repeal of Art. V, Sec. 14, N.M.Const., as it existed prior to the election of November 7, 1967, when a majority of the electors voting thereon ratified amendment No. 4, the office held by movant was terminated, making moot this action seeking his removal. The motion also urges that dismissal is required because the repeal effectively terminated the jurisdiction of this court under Art. V, Sec. 14, N.M.Const. Since the same authorities are pertinent to both propositions they will be discussed together.

It is movant's position that he now holds the office of state highway commissioner by appointment of the state legislature contained in Ch. 266, Sec. 1(B), N.M.S.L.1967, which reads as follows:

"The highway commissioners holding office on the effective date of this act shall serve out the remainder of their unexpired terms and thereafter commissioners shall be appointed for staggered terms of six years each commencing on January 1 so that the terms of not more than two commissioners expire on December 31 of each even-numbered year. Any vacancy shall be filled by appointment of the governor with the approval of the senate for the remainder of the unexpired term."

■ The act of which this is a part was duly adopted by the 1967 session of the legislature to "be effective upon the date the secretary of state certifies that * * *" amendment No. 4 "has been approved by the people at a general or special election." Ch. 266, Sec. 8, N.M.S.L.1967. As already noted, this was done November 20, 1967, and Ch. 266, N.M.S.L.1967, is in effect. It is generally held that the legislature may pass a statute in anticipation of adoption of an amendment to the constitution and to take effect thereon. Druggan v. Anderson, 269 U.S. 36, 46 S.Ct. 14, 70 L.Ed. 151 (1925); Fullam v. Brock, 271 N.C. 145, 155 S.E.2d 737 (1967); Henson v. Georgia Industrial Realty Co., 220 Ga. 857, 142 S.E.2d 219 (1965).

We are thus brought to the question of whether under the facts here present movant still occupies the constitutional office to which he was appointed, or has his occupation of the office created by the constitution terminated because the office has been abolished through adoption of amendment No. 4?

■ Movant asserts, and the Governor does not seem to disagree, that an office created by constitution may be abolished by adoption of an amendment to the constitution, wherein the provision creating the office is repealed, or the office otherwise eliminated. This is true because the office-holder has neither a vested right in the

office, nor does he hold by contract. See Annot., 4 A.L.R. 205, 210 (1919); 172 A.L.R. 1366, 1375 (1948); State ex rel. O'Connell v. Duncan, 108 Mont. 141, 88 P. 2d 73 (1939); State ex rel. Corry v. Cooney, 70 Mont. 355, 225 P. 1007, 1012 (1924); Luckett v. Madison County, 137 Miss. 1, 101 So. 851, 37 A.L.R. 814 (1924). The rule is the same even where the abolition of the office is not expressly stated in the amendment. Martello v. Superior Court, 202 Cal. 400, 261 P. 476 (1927).

The Governor argues that notwithstanding the rule as thus announced, where an office is merely abolished in name, but continued in fact, the office remains. Stated differently, it is his position that repeal of an office with simultaneous reenactment recreating the office accomplishes a continuation rather than abolition of one office and creation of a new one. As support, he cites McLain v. Haley, 53 N.M. 327, 207 P.2d 1013 (1949), and State v. Thompson, 37 N. M. 229, 20 P.2d 1030 (1933), both of which cases hold generally that the reenactment of a statute in substantially the same language as contained in the original enactment merely results in a continuation of the original statute. Neither of these cases involved repeal of an office and reenactment of a replacement office. He also directs us to the annotation and cases cited therein, appearing in 77 A.L.R.2d 336, 371 (1961) in support of the following statement of the annotator:

"If a statute creates a public office or agency, or a county or municipal corporation, the repeal of the statute, accompanied by the re-enactment of the substance of it, does not abolish the office, agency, county, or corporation and substitute a new one for it; the effect of the new statute is to continue the old one in force and to continue the old office, officeholder, agency, or corporation as the case may be."

Our attention is not directed to, nor has our research uncovered any case where a constitutionally created office was repealed by constitutional amendment, and a new constitutional office concurrently created. We would note, however, the case of Hall v. Strickland, 170 So.2d 827 (Fla.1964), wherein Dade County home rule charter provided for in the Florida constitution was duly amended by the people so as to terminate the tenure of incumbent judges of the Dade County Municipal Court, and to provide for selection of judges under a new system to replace them. It was there held that where any fundamental alteration is made in the method of selection, the change is not merely "colorable" but is "real and substantial." The court said:

"* * * Although the amendment, in terms, provided only that the offices of the incumbents would 'become vacant' on May 1, 1964, for all practical purposes the office of judge of the Metropolitan Court of Dade County, as it existed prior to the amendment, was terminated and the new type of judgeship, emanating from a new plan of selection provided for in the charter revision came into being on May 1, 1964. It is conceded that the legislature may abolish a judgeship which it has created; and it follows that the electorate of Dade County could provide for the new judges to be appointed on or soon after May 1, 1964, so as to begin the new cycle of elections of judges provided for in the revised plan—which, as noted, is tied into the first primary election in May of the appropriate year. * * *"

See, also, Millard v. Guy, 334 Mich. 694, 55 N.W.2d 210 (1952). State ex rel. Hammond v. Maxfield, 103 Utah 1, 132 P.2d 660 (1942), is another case in which it is pointed out that the issue of whether the abolition is "real" or "colorable" is important in determining if the new office is merely a continuation of the old office, or if the old office has been truly terminated and a new one created. Compare Caldwell v. Lyon, 168 Tenn. 607, 80 S.W.2d 80, 100 A.L.R. 1152 (1935), and Traywick v. Gilkey, 167 Tenn. 465, 71 S.W.2d 676 (1934). It is argued that, in principle, the same rules should apply as are pertinent to statutory construction. Even if this be conceded, for the sake

of argument, we find here a somewhat different situation.

An examination of amendment No. 4 discloses that it repeals Art. V, Sec. 14, of the New Mexico Constitution and enacts a new Art. V, Sec. 14. So far, so good, and, if the new enactment were substantially identical, the rule argumentatively conceded to be applicable would have the result sought for it. However, this is not the fact. The repealed section created the "State Highway Commission" and set forth in considerable detail its powers, including the power of appointment of a chief highway engineer with details as to his duties; the number and make-up of highway commission districts; the membership of the commission; its method of appointment; terms of office; method for filling vacancies; and grounds for and method of removal. The new section adopted to replace it is entirely different, as is apparent from a reading of the two.

The new section creates a "state highway commission," and there the similarity ends. It does not specify its powers. Neither does it require highway districts, nor provide for the number of commissioners—how they shall be appointed, or what their terms shall be. It leaves all these matters to be determined by the legislature, as well as the grounds and methods for removal of commissioners. It is only coincidence that the highway districts created by Ch. 266, Sec. 2, N.M.S.L.1967, are the same in number as were provided under the now-repealed Art. V, Sec. 14, N.M.Const. However, a change was made in the counties constituting three of the districts. Also, it is only coincidence that the legislature in Ch. 266, Sec. 1(B), N.M.S.L.1967, quoted above, continued the commissioners in office on the effective day of the act for the remainder of their unexpired terms. There was nothing to prevent the legislature from creating more or less than five districts with different counties making up each. Neither was there anything to prevent it from providing for new appointments immediately, or for the selection of new commissioners through some other procedure than appointment by the governor.

That the rule advanced by the Governor here may be correct in certain circumstances we do not doubt. However, we question its applicability where, as here, the constitutional provision creating the office and setting forth the details concerning it has been repealed and provision is made for a new commission which, to become operative, must be implemented by legislation which may or may not create a similar or comparable body.

Although we can well understand that, whereas, the end intended by the legislature in repealing an office may be merely to unseat an incumbent—and accordingly be only "colorable" when a new office is created to replace it—such could not be the situation when the repeal is by the sovereign people themselves, followed by authorization to the legislature to fashion a substitute.

■ Concerning the question of jurisdiction, we would observe that before the repeal of Art. V, Sec. 14, supra, as it existed prior to ratification of amendment No. 4 in 1967, this court had exclusive original jurisdiction over removal proceedings, and our Rule 26 (§ 21–2–1(26), N.M.S.A.1953) was promulgated to effectuate this mandate. Amendment No. 4 repealed the jurisdiction theretofore granted, and placed in the legislature the duty to provide for removal of commissioners. This it did in Ch. 266, Sec. 4, N.M.S.L.1967, by granting the exclusive original jurisdiction to this court to remove commissioners for incompetence, neglect of duty, or malfeasance in office, pursuant to rules to be promulgated by the court. Whereas, we had jurisdiction of this action when filed under grant of the constitution, that jurisdiction was repealed. Any jurisdiction which we now have would be by virtue of the statute and could not exist without it. We are impressed that under the reasoning of the authorities hereinabove cited, our constitutional jurisdiction was ended by the action of the people in adopting the constitutional amendment, just as the offices were terminated thereby, and that our present jurisdiction arises out of

the same statute under which the commissioners now hold their offices. Compare Martello v. Superior Court, supra.

The Governor suggests that to so hold would raise a question of whether the commission as constituted by Ch. 266, Sec. 1(B), N.M.S.L.1967, is constitutional because the legislature has no power to make appointments to executive offices. We deem it unnecessary to consider whether there is any merit to this argument because our decision must turn on whether the officer here sought to be removed still holds the office from which his removal is being attempted. Having concluded that he does not, the proceeding is moot, whether or not he now legally occupies the office of commissioner under the statute. However, in this regard, and without commenting thereon, we would call attention to what was said by this court in State ex rel. Swope v. Mechem, 58 N.M. 1, 5, 265 P.2d 336 (1954).

Also, we would observe that if petitioner occupies the office pursuant to a new appointment, removal proceedings based on conduct during a previous term are generally considered to be moot. See State ex rel. Chitwood v. Murley, 202 Tenn. 637, 308 S. W.2d 405 (1957); State ex rel. Agee v. Hassler, 196 Tenn. 158, 264 S.W.2d 799 (1954); Coleman v. Mange, 238 Ala. 141, 189 So. 749 (1939). Compare State v. Vogel, 39 N.M. 122, 41 P.2d 1107 (1935); State ex rel. Mirabal v. Greer, 37 N.M. 292, 21 P.2d 819 (1933); Southall v. Billings, 215 Tenn. 244, 385 S.W.2d 97 (1964); Rollins v. League for Honest Elections, 46 Colo. 47, 102 P. 744 (1909).

While some regret might be voiced that the case should be terminated without any definitive decision on the numerous issues raised therein, we are satisfied that even assuming proof of conduct which would have supported the charges, the constitutional office having been terminated, together with our jurisdiction to remove therefrom, the cause must be dismissed as moot.

It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON, and CARMODY, JJ., concur.