STATE of Tennessee Upon Relation of Dorothy ORR as County Judge of Bedford County, Tennessee et al.

v.

Monty G. THOMAS, Bedford County Superintendent of Schools, et al.

Supreme Court of Tennessee.

Aug. 20, 1979.

George C. Eblen, Shelbyville, for appellants.

Jack M. Irion, Shelbyville, for appellees; Bomar, Shofner, Bomar & Irion, Shelbyville, of counsel.

## OPINION

BROCK, Chief Justice. .

This action of mandamus was brought in September, 1977, by the County Judge and Quarterly County Court of Bedford County seeking to compel the Superintendent of Schools and the Board of Education of Bedford County to approve a budget for the school year 1977–1978 for a total sum equal to or less than the sum of $4,669,427.00 which the Quarterly County Court had appropriated for the 1977–1978 school budget. After a full hearing on the merits the Chancellor made findings of fact and conclusions of law respecting the relative powers and duties of the governmental agencies involved and declined to issue the writ of mandamus as prayed. The decree of the Chancellor was rendered on September 19, 1977. The proceedings which occurred thereafter and are pertinent here are stated in the brief of the attorney for appellants as follows:

"Pursuant to the terms of the judgment entered by the Chancellor on September 19, 1977, the county court met in special session on September 22, 1977, and disapproved the budget in the amount of $4,893,966.00 submitted by the Board of

Education and recessed until the following day for the purpose of permitting its finance committee to meet with the Board of Education in an effort to compromise their differences. This did not occur and the county court met in recessed session on September 23, 1977, and without further action by the Chancery Court, approved the Board's budget of $4,893,966.00. The County Court, therefore, requests a declaratory judgment pursuant to Rule 57 and Tennessee Code Annotated 1101 setting forth its authority to require compliance by the school board in appropriations, thereby terminating any future controversy and uncertainty of each party's rights."

Based upon this concession by the appellants, the appellees insist that the questions presented by the mandamus action have become moot and, therefore, that for this reason the judgment of the Chancellor should be affirmed.

 It is, of course, well settled that when the issues sought to be presented by an appeal have been rendered moot pending the appeal the appeal will be dismissed. *State v. Wagoner,* 88 Tenn. 290, 12 S.W. 721 (1889); *Knott v. Stewart County,* 185 Tenn. 623, 207 S.W.2d 337 (1948); *State ex rel. Agee v. Hassler,* 196 Tenn. 158, 264 S.W.2d 799 (1954); *Southall v. Billings,* 215 Tenn. 244, 385 S.W.2d 97 (1964). This principle is especially applicable to a mandamus action which is a discretionary remedy in any event. *Cantrell v. Golden,* 120 Tenn. 204, 109 S.W. 1154 (1908); *State v. Trotter,* 153 Tenn. 30, 281 S.W. 925 (1926); *State ex rel. Michael v. Witham,* 179 Tenn. 250, 165 S.W.2d 378 (1942); 52 Am.Jur.2d *Mandamus* § 71 (1970); 5 Am.Jur.2d *Appeal and Error* § 771 (1962).

 Certain exceptions to this rule are recognized but we do not consider that the instant case comes within those exceptions. *See, McCanless v. Klein,* 182 Tenn. 631, 188 S.W.2d 745 (1945); *New Rivieria Arts Thea-*

*tre v. State,* 219 Tenn. 652, 412 S.W.2d 890 (1967); 52 Am.Jur.2d *Mandamus* § 71 (1970). We, therefore, conclude that the issues raised in this litigation were rendered moot by the action of the Quarterly County Court of Bedford County in approving the school budget for the year 1977–1978 submitted by the Board of Education in the amount of $4,893,966.00.

## II

 Following the hearing, the Chancellor upon motion of the Board of Education and Superintendent of Schools entered an order that after the conclusion of all proceedings in this case, including any appeal, a reasonable fee would be assessed against the plaintiffs, county judge and quarterly county court,

". . . as a part of the general costs of this litigation."

The plaintiffs assigned this action of the Chancellor as error and we are constrained to agree with them. The defendants have cited no authority for the assessment of an attorney's fee as costs against the losing party as the Chancellor has done here. The rule is well established in this state that in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation. *Carter v. Virginia Surety Co.,* 187 Tenn. 595, 216 S.W.2d 324 (1948); *Gillespie v. Federal Compress & Warehouse Co.,* 37 Tenn.App. 476, 265 S.W.2d 21 (1954); *Raskind v. Raskind,* 45 Tenn.App. 583, 325 S.W.2d 617 (1959); *Deyerle v. Wright Manufacturing Co.,* 496 F.2d 45 (6th Cir. 1974). The claim here asserted by the defendants is not supported by any contract, statute or recognized ground of equity; it must, therefore, be denied.[1]

The order of the Chancellor allowing the defendants to recover attorney's fees from the plaintiffs as costs is reversed and that claim is dismissed; otherwise, the decree of

1. It is, of course, provided by T.C.A., § 27–124, that when an appeal is taken from the judgment of a court of record solely for the purpose of delay or if such appeal is frivolous the appel-

late court may award damages, including counsel fees incurred by the appellee as a result of the appeal but there is no occasion for application of that statute in this case.

the Chancellor is affirmed. The costs incurred upon this appeal are taxed equally against the plaintiffs and the defendants.

FONES, COOPER, HENRY and HARBISON, JJ., concur.