654 P.2d 542

STATE of New Mexico,
Plaintiff-Appellant,

v.

David M. SANTILLANES, Commissioner
of Bernalillo County, New Mexico,
Defendant-Appellee.

No. 14249.

Supreme Court of New Mexico.

Nov. 19, 1982.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, William Lazar, Asst. Attys. Gen., Santa Fe, Steven H. Schiff, Dist. Atty., Robert M. Schwartz, Chief Deputy Dist. Atty., Albuquerque, for plaintiff-appellant.

Hank Farrah, Shannon Robinson, Albuquerque, for defendant-appellee.

OPINION

SOSA, Senior Justice.

This is an appeal from the district court's order that the evidence which will be admissible upon trial of the charge of removal pending against Bernalillo County Commissioner, David Santillanes, will be limited to acts which have occurred during David Santillanes' current term of office. We affirm the order of the district court.

Pursuant to Sections 10–4–1 through 10–4–29, N.M.S.A.1978 (Repl.Pamp.1980), the Bernalilo County Grand Jury indicted Santillanes for engaging in acts which allegedly amounted to corruption, gross immorality, gross incompetency or gross negligence in discharging the duties of his office. The State accordingly brought a Charge of Re-

moval against Santillanes. Santillanes previously held office as a Bernalillo County Commissioner from January 1, 1975, to December 31, 1978. His current term of office began on January 1, 1979, and will end on December 31, 1982. The district court granted Santillanes' motion to exclude from evidence those acts which allegedly occurred during his previous term of office. The State appeals the district court's order.

New Mexico's removal statute provides in part that:

> The following shall be causes for removal of any officer belonging to the class mentioned in the preceding section [10–4–1 NMSA 1978]: . . .
>
> E. gross incompetency or gross negligence in discharging the duties of the *office;*
>
> F. any other act or acts, which in the opinion of the court or jury amount to corruption *in office* or gross immorality rendering the incumbent unfit to fill the *office.*

§ 10–4–2, N.M.S.A.1978 (Repl.Pamp.1980) (emphasis added).

■ We must determine the meaning of the terms "office" and "in office". A statute should be interpreted consistent with the intent of the legislature. *New Mexico Board of Education v. Board of Education,* 95 N.M. 588, 624 P.2d 530 (1981). This is accomplished by adopting a construction which will not render the statute's application absurd, unreasonable, or unjust. *State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

The State contends that *Territory v. Sanches,* 14 N.M. 493, 94 P. 954 (1908), is the appropriate authority for this Court to follow in the instant case. In that case, the territorial court held that the misconduct and corruption of a sheriff during a previous, uninterrupted term of that same office were grounds for his removal from office in a present term. We decline to adopt this view.

It is our opinion that the better rule in cases of removal of a public officer was stated in *In re Thaxton,* 78 N.M. 668, 437 P.2d 129 (1968). In *Thaxton,* a state highway commissioner was charged with incompetence, neglect of duty or malfeasance in office. The constitutional provision which had established his office and under which he had been appointed was repealed after the institution of removal proceedings against him. The Court dismissed the removal proceedings as moot because a constitutional amendment creating a new state highway commission had, in effect, destroyed the jurisdictional basis under which the proceedings had been started. However, the Court observed that "removal proceedings based on conduct during a previous term are generally considered to be moot." *Id.* at 673, 437 P.2d at 134 (citations omitted). The fact that *Thaxton,* involved accusations of misconduct during a term of office which had terminated by constitutional amendment does not detract from the above-quoted statement.

Statutory and constitutional provisions dealing with the removal of public officers vary greatly from one state to another. Some states specifically authorize or disallow removals based upon misconduct which occurred in a prior term of office. Others expressly limit the penalty of removal to the remainder of the term of office being served when the misconduct occurred. A third type of statute provides in addition that officers removed for misconduct shall be disqualified or ineligible to hold public office in the future, either indefinitely or for a term of years. These provisions are discussed extensively in Annot., 42 A.L.R.3d 691 (1972).

New Mexico's removal statute merely authorizes removal as the penalty for official misconduct and does not refer in any way to the term of office in which such misconduct has occurred. §§ 10–4–1 and 10–4–2. Among those courts which have considered this type of provision, there is a conflict of authority as to whether or not a public officer may be removed from office for misconduct committed in a prior term of office. The question has not been decided decisively in favor of one view or the other by a clear majority of jurisdictions. *See* Annot., 42 A.L.R.3d 691 (1972).

We join those courts which have held that a public officer may be removed from office only for misconduct committed during his current term of office. The object of a removal statute has been perceived as protecting "the people from unworthy officers *while they were serving as such officers." Jacobs v. Parham,* 175 Ark. 86, 89, 298 S.W. 483, 484 (1927) (emphasis added). The scope of the accusation must be limited to a present term of office because the purpose of removal is not to determine whether a public officer has been a good person or a bad person in the past but only to determine whether, by reason of existing facts and circumstances, he should be removed from his *present* office. *People v. Hale,* 232 Cal.App.2d 112, 42 Cal.Rptr. 533 (1965). We agree that "an officer cannot . . . be removed from office for a violation of his duties while serving in another office, or in another term of the same office." *Thruston v. Clark,* 107 Cal. 285, 288, 40 P. 435, 436 (1895).

The New Mexico Legislature could not have meant that evidence from an unlimited number of prior uninterrupted terms of the same office should be admissible in a removal proceeding. Such a construction would lead to the absurd result that a person who committed an act of official misconduct (for which removal might lie) on the first day of his first term could be charged under the removal statute many years later. This would obviously be unjust. The public good would not be served by such an interpretation.

A removal proceeding is a civil proceeding not a criminal one. *State v. Medler,* 17 N.M. 644, 131 P. 976 (1913). The Legislature did not choose to add a provision to our statute disqualifying a person who has been removed from office from holding the same or a different office subsequently. Therefore, it is not within the province of this Court to punish a public officer by allowing his removal for misconduct which may have occurred during a previous term. Such an action is better left to the Legislature, should they choose to amend the present statute, or to the voters when a public officer stands for reelection.

We therefore hold that the terms "office" and "in office" in Sections 10–4–1 and 10–4–2, N.M.S.A.1978 (Repl.Pamp. 1980), mean during the current term for which the officer is elected or appointed and in which the offenses charged occurred. To the extent that this opinion conflicts with *Territory v. Sanches, supra,* that opinion is overruled.

We note that Section 10–4–11 provides that removal cases shall have precedence over all other cases on the district court's docket.

The order of the district court is accordingly affirmed and the cause remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI, J., and LEON KARELITZ, District Judge, sitting by designation, concur.

LORENZO F. GARCIA, District Judge, Division III, sitting by designation, dissenting.

In 1908 the Territorial Supreme Court considered and decided a factual situation analogous to the case at bar. In *Territory v. Sanches,* 14 N.M. 493, 94 P. 954 (1908), an elected sheriff was charged with habitual and willful neglect of duty, gross partiality, oppression, corruption and willful maladministration, and his removal from office was sought by the district attorney. Evidence of misconduct occurring in the sheriff's prior, uninterrupted term of office was presented to the jury. The jury returned a verdict against the sheriff, and the Court subsequently entered a judgment of removal. On appeal, the issue presented to the Territorial Supreme Court was whether the trial court erred in holding that a defendant could be removed from office for acts occurring while the defendant held the same office in a prior, uninterrupted term.

The Court noted a split of authority on the issue and stated:

As the case usually is with questions on which good lawyers could reasonably dif-

fer they have been decided in opposite ways by different courts of last resort, among the more than half a hundred courts of that class in this country, and we are much in the same position we should be in if there had been no decision whatever on them, since we are not constrained by the unquestioned authority of adjudged cases to adopt conclusions which might seem to us contrary to reason and justice.

*Id.* at 496, 94 P. at 954.

The Court stated:

The weight of authority, in numbers, is probably with the defendant .... But is a public officer less unfit to hold his office, or are the people less injuriously affected by his holding it because the act demonstrating his unfitness was committed on the last day of one term of office rather than on the first day of the next succeeding term? There can be but one answer to that question.

*Id.* at 497, 94 P. at 954.

The Court was aware of the split of authority; nevertheless, it adopted broad policy considerations intended to improve good government. The Court commented that the purpose of a removal proceeding was not to punish the officeholder, but to improve public service. The Court adopted the rationale of *State v. Welsh,* 109 Iowa 19, 21, 79 N.W. 369 (1899), and stated:

The very object of removal is to rid the community of a corrupt, incapable, or unworthy official. His acts during his previous term quite as effectually stamp him as such as those of that he may be serving. Reelection does not condone the offense.

*Id.* at 497, 94 P. at 955.

The Court's reasoning was sound. Public policy considerations compel a higher standard of conduct from elected officials.

The majority indicates that the better rule is cited in *In Re Thaxton,* 78 N.M. 668, 437 P.2d 129 (1968), wherein the Court stated in dicta

Also, we would observe that if petitioner occupies the office pursuant to a new appointment, removal proceedings based on conduct during a previous term are generally considered to be moot.

*Id.* at 673, 437 P.2d at 134.

A review of the decisions upon which the *Thaxton* decision was based shows that in virtually all of the cases, the term of office had expired prior to the time the court issued a final order of removal, and thus, the removal proceedings were indeed moot.

Sufficient cause has not been presented to the Court that would compel a retreat from the position taken in *Sanches, supra.* Accordingly, I would respectfully dissent from the majority opinion.