468

AMERICAN NATIONAL BANK AND TRUST COMPANY
OF CHATTANOOGA, Appellant,

*v.*

DANIEL BECK HON, Appellee

360 S.W.2d. 20.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed September 7, 1962.

MILLER, MARTIN, HITCHING, TIPTON & LENIHAN, Chattanooga, for appellant.

CAMPBELL & CAMPBELL, Chattanooga, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

The defendant has filed a motion to dismiss this appeal on the ground that the appellant has engaged in a course of conduct since perfecting its appeal which would estop it from continuing to prosecute the appeal, and on the ground that the issues raised by the appeal are now moot. To pass upon this motion a recital of the facts is necessary.

The case originally involved the right of a creditor to intervene in a divorce case in the Circuit Court in which the wife, Barbara Jean Hon, filed suit for a divorce

against the appellee, Daniel Beck Hon, on May 24, 1961. In her bill she sought alimony and in aid thereof had an attachment issued and levied upon her husband's property. She also sought and obtained an injunction enjoining and restraining her husband from selling or encumbering any property which he owned.

On June 22, 1961, the appellant filed an intervening petition in the divorce suit on behalf of itself and all other creditors of Daniel Beck Hon. In this petition, the appellant alleged that it was a bona fide creditor of Daniel Beck Hon by virtue of an unpaid balance on a promissory note of $781.36, a check endorsed to it by Hon but not paid on presentment, and two secured notes in the amount of $15,322.15 and $24,000.00, respectively, neither of which were then due. This petition further alleged that Hon was insolvent. The appellant prayed to be allowed to intervene in the divorce suit, that all the creditors of Daniel Beck Hon be notified by publication and required to present their claims against him; that appellant have judgment against him for the above amounts, and that a receiver be appointed to take possession of all of his property, and that a special master be appointed to make an accounting of his assets and liabilities.

On June 26, 1961, Robert H. Rowe filed a petition joining in the petition of the appellant herein and averring that he had filed a suit in Chancery Court against the appellee herein for fraudulent misappropriation of trust funds.

On June 27, 1961, the petition of the appellant herein was sustained as a general creditor's bill, publication for the creditors was ordered, and a receiver was appointed.

At the time of the appointment of a receiver, the appellee herein was an inmate at Eastern State Hospital. Barbara Jean Hon then filed a motion to discharge the receiver on the ground that the receivership was unnecessary since her husband was confined, as indicated, but this motion was overruled.

On July 21, 1961, the appellee, Daniel Beck Hon, filed a plea in abatement to the intervening petition of appellant therein alleging that a bill had been filed in the Chancery Court by John I. Foster, Jr., a business associate of Daniel Beck Hon, to wind up their business affairs. This plea was apparently never acted upon by the Court.

On July 24, 1961, the Circuit Court on its own motion transferred the entire case to the Chancery Court on the ground that an injunction had issued from the Chancery Court upon the prayer of John I. Foster, Jr., enjoining all parties from further action in the Circuit Court and on the ground that such could be done under Section 16-511, T.C.A.

Thereafter, the case was remanded to the Circuit Court by the Chancellor, and in his memorandum opinion, which accompanied the remand, the Chancellor pointed out that the injunction issued by him in the case of *Foster v. Hon, et al.* did not enjoin the parties from proceeding with the divorce case, but only enjoined further proceedings in the Circuit Court by those with claims against the property of Hon and Foster. The Chancellor was of the opinion that Section 16-511, T.C.A. was not applicable because the Circuit and Chancery Courts have concurrent jurisdiction of divorce cases, and the Court which first obtains jurisdiction must retain it. He cited as authority *Ham-*

*ilton National Bank, etc. v. Champion,* 202 Tenn. 205, 303 S.W.2d 731. The Chancellor stated that the intervening petition filed by the appellant herein came within the jurisdiction of the Chancery Court but did not order that such petition be filed in the Chancery Court, but did indicate that the Circuit Judge could, if he so desired, dismiss said intervening petition.

Thereafter, and upon consideration of the Chancellor's memorandum opinion and because the petitioner and all other creditors of Daniel Beck Hon were enjoined from proceeding further in the Circuit Court, the Circuit Judge dismissed the intervening petition of appellant. To the action of the Court the appellant duly excepted and perfected an appeal to this Court. The question presented by this appeal is whether it was error for the Circuit Judge to dismiss the intervening petition. In general terms the question is whether a creditor may intervene and file a general creditor's bill in a divorce suit in which the wife seeks some of the husband's property and, if so, is it error to dismiss such when further action by the petitioner is enjoined by the Chancery Court.

However, before considering these questions on their merits, we are faced with a motion to dismiss this appeal, which, if sustained, is determinative. The basis of this motion is appellee's contention that the question is now moot since the appellant has had the relief sought in its intervening petition and since no effective relief can be granted.

To support the motion, appellee brings before us a certified copy of the proceeding in the case of *John I. Foster, Jr. v. Daniel Beck Hon et al.,* in the Chancery Court in which it is averred that appellant filed a cross

bill, participated, and received the relief that it was requesting in the Circuit Court, namely, a determination of the assets and liabilities of Hon, a determination of the claims against him, and the liquidation of his assets to pay his debts. Therefore, he contends that appellant is estopped to continue this appeal. The appellee contends further that the case of *Barbara Jean Hon v. Daniel Beck Hon* in the Circuit Court has been concluded by the granting of a divorce to the wife and that, therefore, no relief can be granted because there is no longer a case pending between the original parties in which the appellants might intervene.

The appellant in its reply to this motion to dismiss also presents parts of the transcript from the proceedings in the Chancery Court and argues that the question is not moot. On the contrary, it alleges that it has continuously objected to the Foster suit in the Chancery Court but, being made a party thereto, had no alternative but to insist on its rights in the property of Hon. It admits that the secured claims against Hon as originally set out in its intervening petition filed in the Circuit Court have been liquidated and paid, one through the Chancery Court, but insists that the unsecured claims remain outstanding. It also admits that the divorce decree has been entered in the Circuit Court along with awards of alimony and child support, but contends that it is entitled to yet intervene and have these awards modified to show that it is entitled to some of the proceeds from the alimony and child support awarded by the decree.

Finally, it contends that the appeal has not become moot.

In the case of *Knott v. Stewart County et al.,* 185 Tenn. 623, 626, 207 S.W.2d 337, 339, the Court said:

" 'This court cannot settle abstract questions, however important, or however simple they may be, upon the supposition that they may hereafter arise. They may never do so.' "

■ It is too well established and settled to require further citation that in this State cases which, on appeal, have become moot will be dismissed upon the matter being brought to the attention of the Court.

■ That we may consider extrinsic evidence when ruling on a motion to dismiss an appeal because the question involved is moot appears from the following significant language:

"The motion need not be verified where it is founded on a matter of fact apparent on the record, but facts on a motion to dismiss a writ of error as raising a moot question are properly brought before the reviewing court by a verified motion." 5 C.J.S. Appeal & Error sec. 1375b(3), page 482.

"As a general rule, a court in passing on a motion to dismiss an appeal will be governed entirely by the record, and a motion to dismiss does not lie where, to support or resist it, proof is necessary dehors the record. Evidence of facts outside the record, occurring after the rendition of the judgment in the court below and affecting the proceedings of the appellate court, will, where deemed necessary, be received and considered by such court for the purpose of determining its action; thus, extrinsic evidence is competent to show that the controversy, or the substance thereof, has

ceased to exist, and is moot, although such proof must be clear and satisfactory." 5 C.J.S. Appeal & Error sec. 1377d(3), page 494-495.

See also *McSween et al. v. State Live Stock Sanitary Board of Florida et al.,* 97 Fla. 749, 122 So. 239, 248-249, 65 A.L.R. 508, wherein the Supreme Court of Florida said:

"It is unnecessary to pass upon the further contentions made in the bill to the effect that tick-eradication work in zone 14, the quarantine of said zone, and the rules and regulations adopted by the board for carrying on said work, is contrary to law and are unauthorized, void, and invalid, for the reason that systematic tick-eradication work and dipping cattle to that end in zones 14 and 16, including the territory specifically involved in this case, was completed on November 12, 1927, and such zones officially declared free from cattle fever tick and released from quarantine * * * as appears from *certified copies of orders of the state live stock sanitary board* and rule 1, revision 26. United States Department of Agriculture, *filed at the oral argument of this case. Occurrence of such events may be shown to appellate courts by extrinsic evidence. * * * Thereby these are rendered moot questions, as the relief prayed for cannot now be granted, or, the events with reference to which such relief is sought having taken place, the relief prayed for cannot be made effective."* (Emphases supplied.)

█ A certified copy of a judicial record is proof of such record in this State. Section 24-601, T.C.A.

█ Examining, then, the record so far as it appears in the Foster case along with that in this case, we must

see if there is "clear and satisfactory" proof that the question has become moot. In the Chancery record we find that various pleadings were filed by appellant herein in that suit. It appears that on December 4, 1961, a general creditor's bill on behalf of all the creditors of Daniel Beck Hon and John I. Foster, Jr. was sustained by the Chancellor. Publication of notice to that effect was ordered, separate suits by creditors were enjoined from proceeding beyond judgment, and a master was ordered to ascertain the various claims and their priorities and present them to the Court. On the basis of reports made by the master, assets were periodically ordered sold, and the proceeds were applied toward some of the claims. As part of this distribution, the appellant received $19,298.81 and their lawyers received $2,517.23 in fees.

It, therefore, appears that the relief sought by the appellant in its intervening petition; that is, a general creditor's bill and application of Hon's assets to the claims against him, was the exact action taken in the Chancery Court, and this was fully, if reluctantly, participated in by the appellant. If the appellant has any claims which remain outstanding, they are now before, or may be placed before, the Chancery Court. If we were to find that it was error for the Trial Court to dismiss appellant's petition, what would be accomplished? In considering this case on the merits, we would only be determining appellant's right to file a general creditor's bill when that has already been done and appellant has filed its claim or some of its claims thereunder.

Thus it appears that the question of whether or not it was error to dismiss the petition is moot because the relief sought by that petition has already been granted

by the Chancery Court and can no longer be granted, if it ever could, by the Circuit Court. The question being moot, the motion to dismiss the appeal should be, and the same is hereby, sustained and the appeal dismissed at the cost of the appellant.