IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2004 Session

# UNION COUNTY EDUCATION ASSOCIATION v. UNION COUNTY BOARD OF EDUCATION and DR. JAMES PRATT, SUPERINTENDENT OF THE UNION COUNTY SCHOOLS

**Direct Appeal from the Chancery Court for Union County**
**No. 3623      Hon. Billy Joe White, Chancellor**

---

**No. E2004-00820-COA-R3-CV  - FILED JANUARY 28, 2005**

---

We dismiss this appeal from a granting of summary judgment because the appeal was not from a final judgment and the issues are moot.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Charles Wayne Cagle, Nashville, Tennessee, for appellant.

Richard Lee Colbert, Nashville, Tennessee, for appellee.

## OPINION

In this action plaintiff alleged that the defendant had violated the provisions of Tenn. Code Ann. § 49-5-601 *et seq.*, (the Education Professionals Negotiations Act) by distributing liability insurance packages to teachers during a mandatory in-service training session, and that statements were made therein by the Board's management representative Mark Roberts that the teachers had no reason to be members of the Union County Education Association ("UCEA"). Plaintiff further alleges that another management representative of the Board, Randy Arwin, contacted UCEA members during August and September 1998, and urged them to terminate their membership.

It was also alleged that the Board had disputed and refused to recognize the majority status of the UCEA, even though the Board had been provided records which conclusively demonstrated that a majority of the professional employees of the Union County School System were UCEA members. Finally, it was alleged that the Board refused to negotiate with UCEA for a period of time based upon its challenge to the UCEA's majority status, and had a calculated plan of trying to thwart the rights of the UCEA members, and had failed to negotiate in good faith.

The Board filed an Answer, and plaintiff then filed a Motion for Summary Judgment. The Court held a hearing on February 4, 2004, and determined that UCEA was entitled to judgment as a matter of law. The Court stated in its Order of March 10, granting summary judgment:

> It would fly in the face of common sense to think or hold that the Board of Education has engaged in good faith negotiations. For example, the Board of Education has clearly stated that it will not reach any agreement with the Association that includes binding arbitration as part of grievance procedures. Grievance procedures are a mandatory subject of negotiations. While the Board of Education is not required to concede on any particular point in negotiations, it must negotiate in good faith. It has not done so.

The Court ordered the parties to meet and negotiate in good faith, and to submit written reports to the court by March 15, 2004, and stated that it would retain jurisdiction over the subject matter pursuant to Tenn. Code Ann. §49-5-609(c)(4), and would determine on March 15, 2004, what further reports would be required to show the Board was negotiating in good faith.

After negotiation reports were filed, plaintiff filed a Petition for Contempt on March 25, 2004, stating the Board had again refused to negotiate because the UCEA refused to take binding arbitration out of the grievance procedure. The Board responded by stating that it had asked for mediation, and a hearing was held on April 8, 2004, where the Court again found that the Board had failed to negotiate in good faith. The Court then ordered that a special master would be appointed to require the parties to meet and negotiate in good faith in the special master's presence, and the special master was empowered to mediate the dispute.

The appeal before us is an appeal from the summary judgment granted to the plaintiff on March 10, 2004. It raises the issue of the propriety of the summary judgment.

The appeal must be dismissed for two reasons: first, the judgment appealed from is not a final judgment. The Court's order of March 10 expressly stated that the Trial Court was retaining jurisdiction over the matter and that further proceedings were going forward, and did, in fact, occur. The Court retained jurisdiction pursuant to Tenn. Code Ann. §49-5-609(c)(4), which allows the court to "issue an order requiring such party to cease and desist from such unlawful act, and take such affirmative action, including resumption of negotiations, reinstatement of employees with or without back pay, or execution of a contract the terms of which have been agreed upon, as well as to effect policies of this part. Such order may further require such party to make reports from

time to time showing the extent to which it has complied with the order." Thus, the Trial Court properly retained jurisdiction over the case, and the order appealed from was not a final judgment, nor was it granted pursuant to Tenn. R. Civ. P. 54.02.

Second, the parties stipulated during oral argument (and appellant concedes in its Reply Brief) that an agreement had been reached by the parties, and a three-year contract had been entered into since the trial court proceedings herein contested took place. This fact renders the issue on appeal moot, as there is no further relief to be given by this Court. *See, e.g., State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn.1979) ("It is, of course, well settled that when the issues sought to be presented by an appeal have been rendered moot pending the appeal[,] the appeal will be dismissed.").

For the foregoing reasons, we dismiss the appeal and tax the costs equally to the plaintiff and defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.