IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 10, 2010 Session

RANDALL S. PATTON, ET AL. v. LARRY MASSEY

Appeal from the Circuit Court for McMinn County
No. 27534     J. Michael Sharp, Judge

No. E2009-00408-COA-R3-CV FILED AUGUST 4, 2010

Lessor and Lessee entered into a Lease with an option to purchase. Lessee subsequently
assigned his interest in the Lease to a third party, who lived on the property throughout the
Lease's primary term. The option to purchase the property was never completed and
Lessee's assignee remained on the property after the expiration of the Lease. Lessor filed
a suit alleging breach of contract and sought damages from Lessee. After a bench trial, the
trial court found that the Lease was renewed by oral agreement; Lessee breached the
contractual obligations of the Lease; and Lessee was liable for damages. Lessee appeals.
We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO,
JR., and D. MICHAEL SWINEY, JJ., joined.

Mark E. Brown, Knoxville, Tennessee, for the appellant, Larry Massey.

Charles W. Pope, Jr., Athens, Tennessee, for the appellees, Randall S. Patton and Rebecca
Patton.

**OPINION**

**I. FACTUAL BACKGROUND**

Larry Massey ("Lessee") entered into a residential lease with an option to purchase
real property located in Athens, Tennessee ("the Lease") with Randall Patton ("Lessor") and
Rebecca Patton. The property included six-tenths of an acre and a mobile home. The Lease
required monthly payments of $500 for 24 months beginning on January 1, 2005. Under the

Lease, Lessee assumed responsibility for the property taxes and the insurance premiums.

The purchase price for the property was $65,000. Two Hundred Dollars of each rental payment was applied to the purchase price of the property. To complete the purchase of the property, Lessee was required to tender a final balloon payment of $57,000 at the end of the 24-month term. Lessee never tendered the balloon payment and the purchase was never completed.

The relevant provisions of the Lease provide, as follows:

**7. Assignment and Subletting:** Lessee may assign this agreement and sublet any portion of the premises without prior written consent of the Lessor.

**8. Maintenance, Repairs or Alterations:** Lessee shall maintain the premises in a clean and sanitary manner including all equipment, appliances, furniture and furnishings therein, and shall surrender the same at termination thereof, in as good condition as received, normal wear and tear accepted. Lessee shall be responsible for damage caused by his/her negligence and that of his/her family, or invitees, or guests. Lessee shall maintain any surrounding grounds, including lawns and shrubbery, and keep the same free of rubbish and weeds, if such grounds are part of the premises and are exclusively for the use of the Lessee.

(emphasis in original). The Lease fails to address whether Lessee would be liable for any damage to the property caused by an assignee or sublessee.

Soon after executing the Lease, Lessee assigned his interest in the Lease and entered into a separate lease with an option to purchase with Patricia McCormick ("McCormick Lease"). The McCormick Lease is nearly identical to the original Lease, but it contains notable differences. First, the McCormick Lease included five acres and the mobile home. Second, the McCormick Lease required monthly rental payments of $676 for 24 months and a final balloon payment of $88,575 to complete the purchase of the property.

As the end of the Lease's term approached, Lessee discussed an extension with Lessor. Lessee requested a written extension, but Lessor refused to provide the extension in writing. Lessee then informed Lessor that he would allow the Lease to expire by its own terms. Lessee tendered the final rental payment on December 15, 2006. On January 2, 2007, through counsel, Lessor sent Lessee a letter titled "Eviction Notice," demanding that Lessee surrender the property by February 10, 2007 ("Eviction Letter").

After sending the Eviction Letter, Lessor claims that he and Lessee orally agreed to extend the Lease to permit time for Lessee and Ms. McCormick to obtain financing for the purchase of the property. In spite of this agreement, Lessee never tendered an additional rental payment or balloon payment and the purchase was never completed.

Ms. McCormick remained on the property until April 2007, nearly four months after the expiration of the Lease. She did not make any payments to Lessee after December 31, 2006. Lessor eventually visited the property and informed Ms. McCormick that she would have to vacate the property. Lessor followed up that visit with a letter to Ms. McCormick, informing her that she needed to vacate the property and pay $4,625.67 for unpaid rent, property taxes, and the insurance premium.

After failed attempts to collect from Ms. McCormick, Lessor filed a complaint against Lessee seeking $22,000 in damages. After a bench trial, the trial court entered a judgment in favor of Lessor for $7,349.14. The court found that an oral agreement between the parties extended the Lease thereby making Lessee liable for the additional four months of rent, the damage to the property, and the unpaid property taxes. A separate hearing occurred after the trial to determine attorney's fees. Thereafter, the trial court awarded attorney's fees to Lessor in the amount of $4,205.65. Lessee appeals the trial court's judgement in favor of Lessor.

## II. ISSUES

Lessee presents the following issues for review, which we restate:

1. Whether the trial court erred in holding that the Lease was renewed by oral agreement.

2. Whether the trial court erred in holding that Lessee was liable for the damage to the property.

3. Whether the trial court erred in holding that Lessee was liable for the property taxes for the 2006 year.

4. Whether the trial court erred in awarding attorney's fees to Lessor.

## III. STANDARD OF REVIEW

The standard of review for a non-jury case is de novo upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *Colonial Pipeline Co. v. Nashville & Eastern R.R. Co.*, 253 S.W.3d 616, 620 (Tenn. Ct. App. 2007). There is a presumption of

correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For issues of law, the standard of review is de novo, with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

## IV. DISCUSSION

### A.

Lessee contends that the trial court erred in finding that the Lease was renewed by oral agreement. Based on that finding, the trial court awarded $2,000 in damages for unpaid rent to Lessor. Tennessee law requires that, for the renewal or extension of a lease, all the elements of contract formation must be present. *See Frierson v. Grant*, 134 S.W.2d 193, 195 (Tenn. Ct. App. 1939). The Tennessee Supreme Court explained the requirements for contract formation in *Higgins v. Oil Chem. & Atomic Workers Int'l Union*:

> The requirements for a valid contract are well-settled: [w]hile a contract may be either express or implied, or written or oral, it must result from a meeting of the minds of the parties in mutual assent to the terms, must be based on a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforceable.

811 S.W.2d 875, 879 (Tenn. 1991). If a lease allows for an option to extend the term, the parties do not have to execute a new agreement. *See Edwin B. Raskin Co. v. Doric Bldg.*, 821 S.W.2d 948, 951 (Tenn. Ct. App. 1991). In *Edwin B. Raskin Co.*, this court observed:

> Where a lease gives a lessee a renewal at his election, and he elects to continue, a present demise is created, which is subject to all the conditions and covenants of his former lease, and it is not necessary that a new lease shall be executed.

*Id.* (quoting *Womble v. Walker*, 181 S.W.2d 5, 8 (Tenn. 1944)). The Tennessee Supreme Court recently addressed the issue of extending the term of a lease in *Ellis v. Pauline S. Sprouse Residuary Trust*, 280 S.W.3d 806 (Tenn. 2009). In *Ellis*, the Court held:

> [W]hen the lease does not contain a specific provision prescribing the time and method for exercising the option to extend the lease, a lessee may effectively exercise an option to extend a lease by remaining in possession of the property after the expiration of the initial term of the lease and by paying the required rent.

-4-

*See id.* at 810-11(holding that the decision in *Norton v. McCaskill*, 12 S.W.3d 789 (Tenn. 2000), "when properly construed and applied, does not alter the holding in *Carhart v. White Mantel & Tile Co.*, 123 S.W. 747 (1909)").

In the instant case, Lessee claims that there was no meeting of the minds regarding the renewal of the Lease. At trial, Lessee explained that he requested a written extension of the Lease, but Lessor refused to provide the extension in writing. Lessee informed Lessor that he would allow the Lease to expire by its terms. Lessee testified:

> And when he [Lessor] said he wouldn't do it in writing, I told him that January 1st would be the end of it as far as between me and him and interest in this property. Pat [Ms. McCormick] would still be there. If he wanted Pat to stay there, he could work out his arrangements with her.

After tendering the rental payment in December 2006, Lessee failed to tender any additional payments to Lessor even though Ms. McCormick remained on the property. Regarding the renewal or extension of the Lease's term, the Lease states:

> **2. Term:** The term hereof shall commence on date of possession, January 01, 2005, and continue for a period of 24 months thereafter. (May be extended for a period of 12 months if Lessor and Lessee mutually agree)[1]

 (emphasis in original).

The trial court found that the parties orally agreed to extend the Lease to allow time for Lessee and Ms. McCormick to obtain financing in order to exercise the option to purchase. Under Tenn. R. App. P. 13(d), we will not overturn a trial court's factual findings unless the evidence in the record preponderates against them. *See Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Issues involving the interpretation of the language in a contract is a question of law, which we review de novo with no presumption of correctness. *See Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999).

At trial, Lessor testified that he agreed to extend the Lease for an additional two months to permit time for Lessee to obtain a loan. Lessor testified that he agreed to extend

---

[1]The McCormick Lease has the same language as the original Lease regarding a term of 24 months. However, the McCormick Lease does not include any provision regarding a renewal or extension of the 24-month term.

the Lease after sending the Eviction Letter, dated January 2, 2007, to Lessee.[2] Lessor's claim is supported by the fact that Ms. McCormick, the assignee, remained on the property for four months after the expiration of the Lease. The only evidence to contradict Lessor's claim that the Lease was extended by oral agreement is Lessee's testimony. Ms. McCormick did not testify at trial, and this court, without any evidence, will not assume that an assignee knowingly and in bad faith remained on the property after the Lease expired.

However, even if this court assumes that there was no oral agreement to extend the Lease, as Lessee claims, it would be of no consequence due to the holdover tenancy by Ms. McCormick. The Lease, in pertinent part, states:

> **13. Holding Over:** Any holding over after the expiration of the term of this [L]ease, with the consent of the Lessor, shall be construed as a month-to-month tenancy in accordance with the term hereof, as applicable.

(emphasis in original). Even though Lessee assigned his interest in the property to Ms. McCormick, he nonetheless remained liable for the obligations under the Lease due to privity of contract with Lessor.

In the absence of a contractual restriction in the lease, a tenant can freely transfer his or her interest in the lease. *See Kroger Co. v. Chemical Sec. Co.*, 526 S.W.2d 468, 471 (Tenn. 1975). An assignment, unlike a sublease, "conveys the whole term [of the lease], leaving no interest or reversionary interest in the assignor." 17 *TENNESSEE JURISPRUDENCE*, *Landlord and Tenant* § 37 (2009). The original tenant who executed the lease with the landlord is in both privity of contract and privity of estate with its landlord. *See Griswold v. Income Properties II*, No. 01A01-9310-CH-00469, 1995 WL 256756, at *4 (Tenn. Ct. App. M.S., May 4, 1995) (citations omitted). An assignment terminates the original tenant's privity of estate and right of possession, but the original tenant remains in privity of contract with the landlord. *See id.* (citing *Ernst v. Conditt*, 390 S.W.2d 703, 708 (Tenn. Ct. App. 1965)). Because the original tenant remains in privity of contract, he or she is liable for the contractual obligations of the lease. *Griswold*, 1995 WL 256756, at *4, n. 5.

As the result of an assignment, the tenant's assignee becomes bound by privity of estate, and the assignee must perform the "express covenants which run with the land." *First*

---

[2]Counsel for Lessor prepared the Eviction Letter that stated, as follows:

> Please consider this letter your written notice that you vacate the premises and remove all your belongings from the property by February 10, 2007. . . . It is the position of my client that you have failed to comply with the tax provisions under the [L]ease.

*Am. Nat'l Bank of Nashville v. Chicken Sys. of Am., Inc.*, 616 S.W.2d 156, 158 (Tenn. Ct. App. 1980); *see also Stone v. Martin*, 206 S.W.2d 388, 389 (Tenn. 1947).  The assignee "has the benefit and the burden of all covenants running with the land *as long as he holds the estate.*"  *See First Am. Nat'l Bank of Nashville*, 616 S.W.2d at 159 (emphasis added).  On the other hand, if an assignee personally assumes the obligation of the lease, then he or she also becomes bound by privity of contract with the lessor.  *Id.* at 161.  By assuming the obligation of a lease, an assignee stands in the place of the original tenant and takes on the burden of the lease.  *Id.* at 159 (explaining that "An assignee, unless he has personally assumed the obligation, may absolve himself from further liability by an act which terminates his privity of estate.");  *see also* 17 TENNESSEE JURISPRUDENCE, *Landlord and Tenant* § 38 (2009). Assumption only occurs when an assignee makes an express promise to perform the covenants of the lease, which is a fact that is never presumed but "must always be proven." *Id.* at 161.  However, mere acceptance of an assignment does not equate into an assumption. *Id.*[3]

In the case at bar, Lessee conveyed the entire term of the Lease to Ms. McCormick thereby creating an assignment of his interest in the property.  Ms. McCormick then acquired privity of estate with Lessor after taking possession of the property.  From our review of the record, it is unclear whether Ms. McCormick assumed the covenants of the Lease.  Although a copy of the McCormick Lease is provided in the record, it is an unsigned copy.  Thus, we cannot determine whether privity of contract existed between Ms. McCormick and Lessor because the record does not indicate whether Ms. McCormick assumed the Lease. Nevertheless, the assignment to Ms. McCormick did not affect the existing privity of contract between Lessee and Lessor.  *See Ernst*, 390 S.W.2d at 708.  Therefore, if the Lease was not extended by oral agreement, under the provisions of the Lease, any holdover beyond the Lease's term would result in a month-to-month tenancy.  Due to the existing privity of contract between Lessee and Lessor, Lessee remained responsible for that obligation and is liable for the unpaid rental payments during the holdover tenancy of Ms. McCormick.

Privity of contract is also the reason why we reject Lessee's claim concerning the damage to the property during Ms. McCormick's tenancy.  Lessee asserts that the trial court erred in finding him liable for the damage to the property because he assigned his interest in the property to Ms. McCormick and the Lease does not specify that he would be liable for any damage caused by an assignee.

While the Lease is silent on who assumes responsibility for an assignee's damage to

_____

[3]"Before there is privity of contract between the assignee and the lessor, there must be an actual assumption of the lease."  *See First Am. Nat'l Bank of Nashville*, 616 S.W.2d at 161.

the property, the Lease does provide that Lessee would return the property "in as good condition as received, normal wear and tear accepted" at the end of the Lease's term. It is undisputed that the property was in good repair at the time of executing the Lease.

There was lengthy testimony at trial about the damage to the property after Ms. McCormick's tenancy. Lessor testified that he found debris and trash in the backyard of the property, and the mobile home reeked of a strong odor. James Morgan, a contractor, also testified at trial. Lessor hired Mr. Morgan to repair the damage to the property. Mr. Morgan testified that he replaced the floors, windows, and the rotted walls because of water damage. Through his direct testimony, photographs of the damage to the property were introduced. Mr. Morgan testified that the plywood underneath the floors and walls were urine soaked requiring repair and the photographs corroborated the extensive damage to the mobile home.

In light of the above evidence, we conclude that Lessee failed to comply with the holdover tenancy provision and the covenant to return the property in good repair as evidenced by the damage to the property. Even though he did not cause the damage to the property, his contractual obligations obligated him to return the property undamaged. The trial court correctly determined that Lessee was liable for the unpaid rental payments and the damage to the property and properly awarded damages to Lessor. Accordingly, we affirm.

B.

Lessee takes issue with the trial court's award of $185 in unpaid property taxes for the tax year of 2006. Lessee does not dispute that the Lease requires that he pay the property taxes. Lessee argues that the last rental payment of $500 was more than enough to offset the 2006 property taxes because the Lease expired by its terms on December 31, 2006.

This assertion is without merit. The Lease required Lessee to tender separate payments for rent and the property taxes. According to the payment receipts, Lessee failed to tender any payment for the property taxes in 2006. As such, he breached one of the Lease's covenants. The trial court correctly determined that Lessee was liable for the unpaid property taxes and we affirm.

C.

Lastly, Lessee challenges the trial court's award of attorney's fees to Lessor. Lessee

does not dispute that the Lease permits the prevailing party to recover attorney's fees,[4] but he asserts that Lessor is not the prevailing party if he partially prevails on this appeal. Lessee asks this court to remand this case to the trial court for a determination of attorney's fees if he partially prevails on this appeal.

Tennessee follows the American Rule which provides that litigants must pay their own attorney's fees unless there is a statute or contract providing otherwise. *Taylor v. Fezell,* 158 S.W.3d 352, 359 (Tenn. 2005); *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979). In the absence of such a fee-shifting statute, contract provision, or other recognized equitable ground, courts may not compel a losing party to pay the winning party's attorney's fees. *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 194; *Kultura, Inc. v. S. Leasing Corp.*, 923 S.W.2d 536, 540 (Tenn. 1996).

Having concluded that the trial court correctly resolved the issues of this appeal in favor of Lessor, a remand is not necessary. Lessor is the prevailing party. Pursuant to the terms of the Lease, Lessor is entitled to reasonable attorney's fees. As such, the trial court properly awarded attorney's fees to Lessor and we affirm.

## V. CONCLUSION

The judgment of the trial court is affirmed in its entirety. Costs on appeal are taxed against appellant, Larry Massey. This cause is remanded to the trial court for collection of costs.

_____
JOHN W. McCLARTY, JUDGE

---

[4]The Lease provides:

**10. Attorney Fees:** The prevailing party shall be entitled to all cost incurred in connection with any legal action brought by either party to enforce the terms hereof or relating to the demised premises, including reasonable attorneys' fees.

(emphasis in original).